**BOCHETTO & LENTZ, P.C.**
By: George Bochetto, Esquire
    Gavin P. Lentz, Esquire
Attorney I.D. Nos.: 27783, 53609
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

**OF COUNSEL:**
Michael Forbes, Esquire
Attorney I.D. No. 55767
175 Strafford Ave.
Suite One
Wayne, PA 19087
(610)687-7708

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL COTTRILL** | : | |
| 2412 South 2nd Street | : | |
| Philadelphia, PA 19148 | : | |
|     and | : | |
| **LAWRENCE E. WNUKOWSKI** | : | |
| 543 Newbury Court | : | |
| Sellersville, PA 18960 | : | |
| | : | |
|                 Plaintiffs, | : | CIVIL ACTION NO. 02-CV-3646 |
|   v. | : | |
| | : | |
| **BRITNEY SPEARS** | : | |
| 137-139 W. 25th Street | : | |
| New York, NY 10001 | : | |
|     and | : | |
| **ZOMBA RECORDING CORPORATION** | : | |
| **ZOMBA ENTERPRISES, INC,** | : | |
| **ZOMBA SONGS, INC.** | : | |
| 137-139 W. 25th Street | : | JURY TRIAL DEMANDED |
| New York, NY 10001 | : | |
|     and | : | |
| **JIVE RECORDS** | : | |
| 137-139 W. 25th Street | : | |
| New York, NY 10001 | : | |
|     and | : | |
|                  (Cont'd.) | : | |

| | |
|---|---|
| **WRIGHT ENTERTAINMENT GROUP** | : |
| 7680 Universal Boulevard, Suite 565 | : |
| Orlando, FL 32819 | : |
| and | : |
| **BMG MUSIC PUBLISHING, INC.** | : |
| 8750 Wilshire Boulevard | : |
| Beverly Hills, CA 90211 | : |
| | : |
| Defendants. | : |

## COMPLAINT

**AND NOW** comes Plaintiffs, by and through undersigned counsel, Bochetto & Lentz, P.C., and avers the following in support of their Complaint against the Defendants:

### I. JURISDICTION AND VENUE

1. Jurisdiction is founded upon 28 U.S.C. §1400(a), in that, Plaintiffs are the owners of a valid copyright which has been infringed upon by the unlawful acts of Defendants herein.

2. Jurisdiction over this cause of action is also proper before this Court pursuant to 28 U.S.C. §1332(a)(1) and §1332(c) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of interest, fees and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2), in that, substantial acts of infringement giving rise to Plaintiffs' claims occurred in the Eastern District of Pennsylvania and in that Defendants are currently selling and distributing infringing music CDs and tapes in Philadelphia.

4. Venue is also proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(c) in that Defendants have substantial business contacts with the Eastern

2

District of Pennsylvania as Defendants (or their agents) have marketed and sold the infringing music at issue here.

## II. THE PARTIES

5. Plaintiff, Michael Cottrill ("Cottrill") is an adult individual residing at 2412 South 2nd Street, Philadelphia, PA 19148. Mr. Cottrill is the co-owner of the copyright at issue.

6. Plaintiff, Lawrence E. Wnukowski ("Wnukowski") is an adult individual residing at 543 Newbury Court, Sellersville, PA 18960. Mr. Wnukowski is the co-owner of the copyright at issue.

7. Defendant, Britney Spears ("Spears") is a female music entertainer who has infringed plaintiffs' copyright. She may be served at 137-139 W. 25th Street, New York, NY 10001, where she maintains a place of business.

8. Defendant, Zomba Recording Corporation, Zomba Enterprises, Inc, Zomba Songs, Inc. ("Zomba") is a for profit recording company involved in the music industry for a profit, who may be served at 137-139 W. 25th Street, New York, NY 10001. Defendant, Zomba, has unlawfully infringed plaintiffs' copyright.

9. Defendant, Jive Records ("Jive") is a for profit record publishing company who may be served at 137-139 W. 25th Street, New York, NY 10001. Defendant, Jive, has unlawfully infringed plaintiffs' copyright.

10. Defendant, Wright Entertainment Group ("WEG") is a corporation run by Larry Rudolph and Johnny Wright involved in managing Spears and promoting the

infringing album in question. WEG may be served at 7680 Universal Boulevard, Suite 565, Orlando, FL 32819.

11. Defendant, BMG Music Publishing, Inc. ("BMG") is the owner of the US rights to promote the infringing album who may be served at 8750 Wilshire Boulevard, Beverly Hills, CA 90211.

12. At all times material hereto, Jive, Zomba, WEG, Spears and BMG acted together in promoting the infringing music at issue in this litigation.

### III.  THE FACTS

13. In or about 1995, plaintiffs were first approached by William Kahn ("Kahn") who was then representing Spears. Kahn introduced Cottrill to Spears -- who was then 14 years old -- for the purpose of convincing Cottrill to write some music for her to perform.

14. Kahn was aware that both plaintiffs were involved in creating their own music and he later requested them to submit music for possible performance by Spears. The initial work submitted by plaintiffs was not, to plaintiffs' knowledge, accepted for production.

15. In February 1998, however, Kahn advised plaintiffs that he now had direct access to Spears' record producers and again requested plaintiffs to prepare a song and CD which he promised to submit to Jive, Steve Lunt, WEG and Zomba on behalf of Spears to see if they were interested in including plaintiffs' music on a future Spears' album.

16. In the hopes that the Spears production and management entities would accept one of their songs, Plaintiffs specifically wrote and recorded the music for a song entitled: "*What You See is What You Get.*"

17.     To protect their rights before submission of their work to defendants, Plaintiffs duly filed a copyright covering this music on <u>November 27, 1999</u> which was recorded by the Copyright Office in a registration dated <u>December 1, 1999</u>.

18.     After plaintiffs' music was copyrighted, it was given to Kahn and others who had access to the Spears' production team.  The other individuals who received plaintiffs' copyrighted CD and music were Jeffrey Townes, Lance Lowenstein and Louis J. Perlman.  These individuals had connections with the Spears' production group, including Jive, WEG and Zomba, hence, it is believed that defendants also obtained access to plaintiffs' music from these individuals.

19.     When Plaintiffs wrote the music *"What You See Is What You Get,"* they selected a female vocalist who recorded it for them in order to help promote their music.

20.     After defendants received plaintiffs' CD, plaintiffs were led to believe that defendants were not interested in using plaintiff's music in a Spears album.

21.     Thereafter, however, in December of 2000, plaintiffs were shocked to hear from the female vocalist who they had recorded their song with that defendants have included plaintiffs' music on a Spears album without authorization.  Plaintiffs listened to defendants' CD and immediately recognized the music as their own.

22.     After confirming their work had been pirated, Plaintiffs contacted defendants Jive and Zomba and demanded an explanation as to why their approval for use of their music was never obtained.  Defendants promised to work things out with their attorneys.

23.     To date however, defendants have refused to obtain a license and pay a royalty resulting in the filing of this lawsuit.

24. A comparison of the song performed by Britney Spears titled: *"What U See Is What U Get"* infringes plaintiffs' copyrighted song entitled *"What You See Is What You Get"* including the title, hook-line, arrangement, cord progression and phrasing of the notes, all of which were unique.

25. In addition, a comparison of the song performed by Britney Spears entitled: *"Can't Make You Love Me"* demonstrates that it is virtually identical to the music in plaintiffs' copyrighted song *"What You See Is What You Get"* with respect to the unique rhythm, cords, notes, arrangements of the notes and overall theme and motif.

26. Defendants merely made minor adjustments to some of the lyrics and music in the respective songs in an unsuccessful attempt to "conceal" their pirating of plaintiffs' copyrighted music.

27. A side by side musicological analysis of the two infringing songs demonstrates willful infringement of plaintiff's music right down to unique details in the beginning of the song with a computer generated "reverse symbol" sound.

28. At all times material hereto, Defendant's were aware that Plaintiffs' music had been properly copyrighted.

29. At no time did Defendants receive permission to use and profit from plaintiffs' copyrighted material.

30. In or about the year 2000, after receiving Plaintiffs' CD, Defendants released a recording entitled *"Oops I Did It Again"*. This recording, which infringes plaintiffs' copyright, became a platinum record selling over 35 million copies.

31. Two of the most popular songs on the "*Oops I Did It Again*" album which contributed substantially to its success and profits, infringed plaintiffs' copyrighted material. Those songs are titled: "*What U See Is What You Get*" and "*Can't Make You Love Me.*"

32. Defendants herein knowingly and wilfully, directly and/or derivatively, copied without independent creation, plaintiffs' copyrighted music and lyrics for the specific purpose of infringing upon plaintiffs' copyrights and to unlawfully enrich the Defendants at plaintiffs' expense as defendants never obtained a license from the plaintiffs.

## COUNT I

## **COTTRILL and WNUKOWSKI v. SPEARS, ZOMBA, JIVE, WEG and BMG**

## **(COPYRIGHT INFRINGEMENT)**

## **REQUEST FOR DAMAGES**

## **PURSUANT TO 17 U.S.C. §504 ET. SEQ.**

33. Plaintiffs hereby incorporate all other paragraphs as if fully set forth herein at length.

34. On November 27, 1999, Plaintiffs properly registered their copyright covering the musical artwork in question by delivering their application, deposit material (consisting of a CD containing plaintiffs' music) along with the required payments to the Copyright Registrar. (The copyright at issue is registered under number SRU 419-503 dated December 1, 1999 and is attached as Exhibit "A" hereto.)

35. All parties receiving copies of plaintiffs' copyrighted CDs were specifically advised that the music contained thereon was protected by valid copyrights.

36. The songs titled: "*What U See Is What U Get*" and *Can't Make You Love Me*" on Spears' "O*ops, I Did It Again*" recording infringe plaintiffs' copyrighted music.

37. Defendants falsely claimed these songs as original works in the following filings with the United States Copyright Office: SR-285-667 filed June 9, 2000; PA-1-005-832 filed June 2, 2000 and PA-980-499 filed June 21, 2000. These filings were made over 7 months <u>after</u> plaintiffs' copyrights were filed.

38. As set forth more fully above, Defendants have wilfully and deliberately infringed upon plaintiffs' copyrighted music on multiple occasions, resulting in millions of dollars in ill-gotten profits which are now due plaintiffs.

39. At no time did any of the Defendants have a license or authority to use any form of plaintiffs' copyrighted music.

40. In addition to the direct "access" referenced herein, the virtual identity between the two musical works raises a clear "inference" of access.

41. Based on the foregoing, Plaintiffs are entitled to have Defendants disgorge all profits earned (directly or indirectly) as a result of defendants' copyright infringement.

42. In the alternative to payment of defendants' profits, pursuant to 17 U.S.C. §504, plaintiffs are entitled to One Hundred Fifty Thousand ($150,000) Dollars per willful infringement.

43. Pursuant to 17 U.S.C. §505, Plaintiffs are also entitled to reasonable costs and attorneys fees incurred in proceeding with this action.

8

**WHEREFORE**, Plaintiffs requests judgment against all Defendants for an amount of compensatory and punitive damages in excess of the applicable arbitration limits representing defendants' profits, plus interest, costs, attorney's fees, and such other relief as the Court deems just.

## COUNT II

## COTTRILL and WNUKOWSKI v. SPEARS, ZOMBA, JIVE, WEG and BMG

## (COPYRIGHT INFRINGEMENT)

## REQUEST FOR INJUNCTIVE RELIEF

## PURSUANT TO 17 U.S.C. §502, ET. SEQ.

44.   Plaintiffs hereby incorporate all prior paragraphs as if fully set forth herein at length.

45.   Defendants have willfully infringed on the copyright owned by plaintiffs which cover plaintiffs' musical score entitled: "*What You See Is What You Get*" as contained on the CD deposited with the Copyright Office and bearing registration SRU 419 503.  (See Exhibit "A" hereto.)

46.   Defendants' infringement, use, sale and/or pirating of Plaintiffs' copyrighted music has caused permanent and irreparable harm to Plaintiffs.

47.   Unless an injunction is granted barring Defendants from further distributing, marketing, selling, publishing, or otherwise promoting its infringing music contained on the "*Oops, I Did It Again*" album, Plaintiffs will suffer ongoing irreparable harm.

48.   Plaintiffs do not have an adequate remedy at law.

49. Based upon the clear and willful violations in this case, and the substantial similarity of the two works, Plaintiffs have a substantial likelihood of success on the merits.

50. Greater harm will befall the Plaintiffs than Defendants if the injunctive relief herein is not granted.

**WHEREFORE**, Plaintiffs respectfully requests this Honorable Court to enter an Order:

(a) restraining all Defendants here and abroad from promoting, selling, marketing, advertising, shipping, transporting (directly or indirectly) or otherwise moving in domestic or foreign commerce, any and all products which infringe upon Plaintiff's copyrighted works; and/or

(b) ordering Defendants to forfeit (and/or recall) all CDs or other forms of music containing infringing material; and

(c) ordering Defendants to recall or remove any and all of its catalogs, websites, books, posters or brochures or other material which contain any works that infringe on Plaintiffs' works;

(d) ordering all of Defendants' agents to refrain from selling or marketing the infringing work in question;

(e) deriving that Plaintiffs be credited for their work in any future versions sold; and

(f) providing such other relief as the Court deems just, including costs and fees.

# COUNT III

## **COTTRILL and WNUKOWSKI v. SPEARS, ZOMBA, JIVE, WEG and BMG**

## REQUEST FOR DECLARATORY RELIEF

## PURSUANT TO 28 U.S.C. §2201

51. Plaintiffs hereby incorporate all other paragraphs as if fully set forth herein at length.

52. Defendants falsely filed for copyright protection on the following songs "*What U See Is What U Get*" (PA-980-499 filed June 21, 2000) and *"Can't Make You Love Me,"* (PA-1-005-832 filed June 2, 2000). In preparing and recording said filings, defendants falsely represented that they originated the music contained in the songs "*What U See Is What U Get*" and *"Can't Make You Love Me"* when, in fact, Plaintiffs originated and copyrighted this work before defendants.

53. Defendants falsely filed for copyright protection on the above musical scores knowing Plaintiffs had already filed a copyright on November 27, 1999 covering this music under serial #SRU 419-503. This raises a legal dispute that can properly be decided by a request for a declaratory judgment that defendants' copyrights filed <u>seven months</u> after plaintiffs are invalid.

54. Defendants' copyrights on the above referenced songs should be invalidated based upon defendants' pirating of plaintiffs' original music.

WHEREFORE, Plaintiffs requests a judgment declaring plaintiffs' copyright as it applies to the following songs to be invalid as said music was originated and copyrighted by plaintiff's prior to defendant, Spears, applying for a copyright: *"What U See Is What U Get"*

11

and "*Can't Make You Love Me.*"  Plaintiffs also seek all attorneys fees and costs incurred in seeking this declaratory action.

## DEMAND FOR JURY TRIAL

Trial by a Jury of twelve (12) persons is demanded as to all issues.

**BOCHETTO & LENTZ, P.C.**

By: _____
George Bochetto, Esquire
Gavin P. Lentz, Esquire
Attorney for Plaintiff

**OF COUNSEL:**

Michael Forbes, Esquire
175 Strafford Ave.
Suite One
Wayne, PA 19087
(610)687-7708