**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **MICHAEL COTTRILL** | : | | |
| and **LAWRENCE E. WNUNOWSKI**, | : | | |
| | : | | |
| Plaintiffs, | : | CIVIL ACTION | |
| | : | No.: 02-CV-3646 | |
| v. | : | | |
| | : | | |
| **BRITNEY SPEARS, ET AL.,** | : | | |
| | : | | |
| Defendants. | : | **JURY TRIAL DEMANDED** | |
| | : | | |

**PLAINTIFFS' MOTION FOR LEAVE OF COURT TO SCHEDULE
BRITNEY SPEARS' DEPOSITION PURSUANT TO FED. R. CIV. P. 30(a)(2)(C)**

Plaintiffs, Michael Cottrill and Lawrence E. Wnukowski ("Plaintiffs"), by and through

undersigned counsel, Bochetto & Lentz, P.C., hereby request this Honorable Court for Leave to

schedule Defendant, Britney Spears ("Ms. Spears") early deposition and in support thereof, aver

as follows:

1. This litigation arises out of the unlawful copying of at least two of Plaintiffs'

   songs which were released on Britney Spears' album entitled "*Oops, I did it*

   *Again*."

2. In or around September 2001, Plaintiffs' prior counsel, Michael Forbes, Esquire,

   put Defendants on notice of Plaintiffs' copyright infringement claim, by sending a

   letter to Jive Records' in-house counsel, Wade Leak, Esquire.  (See Letter, dated

   September 10, 2001, a true and correct copy is attached hereto as Exhibit "A".)

3. Upon information and belief, Ms. Spears is also represented by counsel for Jive

   Records, although at this time no entry of appearances have been filed.

4. On June 7, 2002, Plaintiffs filed their copyright infringement Complaint against

all Defendants.

5.      On June 13, 2002, Plaintiffs proposed to Ms. Spears to take her deposition on any date around June 28, 2002, since she will be performing at the First Union Center here in Philadelphia.  (See Counsel's Letter, dated June 13, 2002, a true and correct copy is attached hereto as Exhibit "B".)

6.      In addition, Plaintiffs' counsel would also be available to take Ms. Spears' deposition on any date around July 5, 2002, as she will be performing in Atlantic City, New Jersey at that time.  (See Exhibit "B".)

7.      Plaintiffs' counsel also ensured that Ms. Spears' deposition will not take any longer than three hours.  (See Exhibit "B".)

8.      Despite these accommodations, Ms. Spears has not answered to this reasonable request.

9.      The law is well-settled that the taking of an early deposition is encouraged where it will be impossible or very difficult to depose the witness before trial and where, as here, substantial efforts and expenses will be incurred when the deposition occurs at a later date.  *See, e.g., S.S. Hai Chang*, 259 F.Supp. 75 (S.D. N.Y. 1966).

10.     In that regard, leave of court is generally granted to the extent it is consistent with the principles in Fed. R. Civ. P. 26(b)(2).  *See* Fed. R. Civ. P. 30 (a)(2).

11.     The principles of Fed. R. Civ. P. 26(b)(2) limit discovery when it is "unreasonable, cumulative or duplicative."  *See* Fed. R. Civ. P. 26(b)(2).  None of these limitations are applicable here.

12.     Because Ms. Spears is currently touring the country as part of her 2002 Summer

2

Tour, it will be extremely difficult to schedule Ms. Spears' deposition.  (See Ms. Spears' 2002 Summer Tour Schedule, a true and correct copy is attached hereto as Exhibit "C".)

13.    Such difficulty in scheduling can easily be avoided by the taking of an early short deposition.

14.    Substantial costs and expenses will also be incurred by both parties, if the deposition occurs at a later date.

15.    Therefore, for the convenience of all parties and in the interest of justice, Plaintiffs request this Honorable Court for leave of court to take Ms. Spears' deposition on June 27, 2002 or July 1, 2 or 3, 2002.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court for leave of court to take Ms. Spears' deposition on any date in July most convenient to her and Plaintiffs' counsel.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**


By: _____
       George Bochetto, Esquire
       Vincent van Laar, Esquire
       Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL COTTRILL** | : | |
| and **LAWRENCE E. WNUNOWSKI**, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | No.: 02-CV-3646 |
| v. | : | |
| | : | |
| **BRITNEY SPEARS, et al.**, | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR LEAVE OF COURT TO SCHEDULE**
**BRITNEY SPEARS' DEPOSITION PURSUANT TO FED. R. CIV. P. 30(a)(2)(C)**

Plaintiffs, Michael Cottrill and Lawrence E. Wnukowski ("Plaintiffs"), by and through

undersigned counsel, Bochetto & Lentz, P.C., hereby submit their Memorandum of Law in

support of their Motion for Leave of Court to Schedule Britney Spears' Deposition Pursuant to

Fed. R. Civ. P. 30(a)(2)(C).

**FACTS**

This litigation arises out of the unlawful copying of at least two of Plaintiffs' songs which

were released on Britney Spears' album entitled "*Oops, I did it Again*."

In or around September 2001, Plaintiffs' prior counsel, Michael Forbes, Esquire,  put

Defendants on notice of Plaintiffs' copyright infringement claim by sending a letter to Jive

Records' in-house counsel, Wade Leak, Esquire.[1]  (See Letter, dated September 10, 2001, a true

---

[1]     Although Plaintiffs have attempted to contact Defendants and their in-house
counsel to discuss the resolution of this discovery issue, these attempts have been in vain.
Plaintiffs were unable to locate any telephone numbers or telefax numbers to communicate with
Defendants, and Defendants have not responded to Plaintiffs' correspondence.

4

and correct copy is attached hereto as Exhibit "A.")  Upon information and belief, Ms. Spears is also represented by counsel for Jive Records, although at this time no entry of appearances have been filed on her behalf.  On June 7, 2002, Plaintiffs filed their copyright infringement Complaint against all Defendants.

On June 13, 2002, Plaintiffs proposed to Ms. Spears to take her deposition on any date around June 28, 2002, since she will be performing at the First Union Center here in Philadelphia.  (See Counsel's Letter, dated June 13, 2002, a true and correct copy is attached hereto as Exhibit "B.")  In addition, Plaintiffs' counsel would also be available to take Ms. Spears' deposition on any date around July 5, 2002, because she will be performing in Atlantic City, New Jersey at that time.  (See Exhibit "B.")  Plaintiffs' counsel also represented to Ms. Spears that her deposition will not take any longer than three hours.  (See Exhibit "B.")  Despite these accommodations, Ms. Spears has not provided any response to this reasonable request.

Because it is very difficult to schedule Ms. Spears' deposition, Plaintiffs request leave of court to take Ms. Spears' deposition prior to a Rule 26(f) conference, while she is in this district.

## ARGUMENT

Rule 30(a)(2) (C) of the Federal Rules of Civil Procedure provides in relevant part that:

> A party must obtain leave of court, *which shall be granted* to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties, a party seeks to take a deposition before the time specified in Rule 26(d).

*See* Fed. R. Civ. P. 30(a)(2)(C). (Emphasis added.)  Fed. R. Civ. P. 26(d) limits the timing and sequence of discovery until a scheduling conference is held under Rule 26(f).  However, Rule 26(d) also provides that the court "for the convenience of parties and witnesses and in the interest

5

of justice" may order otherwise.

In those instances where a party requests leave of court for taking an early deposition, the law is well-settled that the taking of such an early deposition is encouraged where it will be impossible or very difficult to depose the witness before trial and where, as here, substantial efforts and expenses will be incurred when the deposition occurs at a later date. *See, e.g., S.S. Hai Chang*, 259 F.Supp. 75 (S.D. N.Y. 1966). Consistent with the principles of Fed. R. Civ. P. 26(b)(2), such leave of court is generally granted. The principles of Fed. R. Civ. P. 26(b)(2) limit discovery only when it is "unreasonable, cumulative or duplicative." *See* Fed. R. Civ. P. 26(b)(2). None of these limitations are applicable here.

Here, Plaintiffs' request to take Ms. Spears' early deposition should be granted. It is well known that Ms. Spears is a celebrity with limited spare time and a world-wide travel schedule. Currently, Ms. Spears is touring this Country as part of her 2002 Summer Tour, and it will be extremely difficult to schedule Ms. Spears' deposition anytime after such tour. (See Ms. Spears' 2002 Summer Tour Schedule, a true and correct copy is attached hereto as Exhibit "C".) Such difficulty in scheduling can easily be avoided by the taking of an early and <u>short</u> deposition. This could easily be achieved if Plaintiffs are permitted to take Ms. Spears' deposition at the time she performs in this district or the neighboring district in New Jersey. Substantial costs and expenses will also be incurred by both parties, if the deposition occurs at a later date.

Consistent with the purpose, principles and intent of the Federal Rules of Civil Procedure and for the convenience of all parties and in the interest of justice, Plaintiffs therefore request this Honorable Court for leave of court to take Ms. Spears' deposition on June 27, 2002 or July 1, 2 or 3, 2002.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request this Honorable Court for leave of court to take Ms. Spears' deposition on any date in July most convenient to her and Plaintiffs' counsel.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: _____
        George Bochetto, Esquire
        Vincent van Laar, Esquire
        Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I, George Bochetto, Esquire, hereby certify that on June 18, 2002, I caused a true and correct copy of the ***Plaintiffs' Motion for Leave of Court to Schedule Britney Spears' Deposition Pursuant to Fed. R. Civ. P. 30(a)(2)(C)***, to be served, via U.S. First Class Mail, postage prepaid, upon the following:

Britney Spears
137-139 West 25th Street
New York, NY 10001

Jive Records
137-139 West 25th Street
New York, NY 10001

Zomba Recording Corporation
Zomba Enterprises, Inc.
Zomba Songs, Inc.
137-139 West 25th Street
New York, NY 10001

Wright Entertainment Group
7680 Universal Boulevard
Suite 565
Orlando, FL 32819

BMG Music Publishing, Inc.
8750 Wilshire Boulevard
Beverly Hills, CA 90211

**BOCHETTO & LENTZ, P.C.**

By:_____
George Bochetto, Esquire

9