**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL COTTRILL | : | |
| and | : | |
| LAWRENCE E. WNUKOWSKI | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 02-CV-3646 |
| | : | |
| BRITNEY SPEARS | : | |
| and | : | |
| ZOMBA RECORDING CORPORATION | : | |
| ZOMBA ENTERPRISES, INC. | : | |
| ZOMBA SONGS, INC. | : | |
| and | : | |
| JIVE RECORDS | : | |
| and | : | |
| WRIGHT ENTERTAINMENT GROUP | : | |
| and | : | |
| BMG MUSIC PUBLISHING, INC., | : | |
| | : | |
| Defendants. | : | |

**PRAECIPE**

To the Clerk:

Kindly file of record the accompanying original Declarations of Michael T.

Mervis and Anthony Ricigliano, copies having been filed on April 14, 2003.

Vincent V. Carissimi
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Michael T. Mervis (admitted *pro hac vice*)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036
(212) 969-3000

Date:  April 15 2003

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL COTTRILL<br>and<br>LAWRENCE E. WNOKOWSKI | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO. 02 CV 3646 |
| | : | |
| v. | : | |
| | : | |
| BRITNEY SPEARS<br>and<br>ZOMBA RECORING CORPORATION<br>ZOMBA ENTERPRISES, INC.<br>ZOMBA SONGS, INC.<br>and<br>JIVE RECORDS<br>and<br>WRIGHT ENTERTAINMNET GROUP<br>and<br>BMG MUSIC PUBLISHING, INC. | : | |

## DECLARATION OF MICHAEL T. MERVIS

I, Michael T. Mervis, hereby declare as follows:

1.      I am an attorney admitted to practice law in New York and Connecticut.  I have been admitted *pro hac vice* in connection with this lawsuit.  I am a member of the law firm of Proskauer Rose LLP which, along with the law firm of Pepper Hamilton LLP, represents all defendants in this matter.  I have personal knowledge of the matters stated herein and, if called and sworn as a witness, could and would competently testify thereto.

2.      Attached collectively hereto as <u>Exhibit 1</u> are true copies of pages from the transcript of the deposition of plaintiff Michael Cottrill, which was taken on February 13, 2003.

3.      Attached collectively hereto as Exhibit 2 are true copies of pages from the transcript of the deposition of plaintiff Lawrence Wnukowski, which was taken on February 13, 2003.

4.      Attached hereto as Exhibit 3 is a true copy of Plaintiffs' Responses to Defendants' First Set of Interrogatories, served on December 11, 2002.

5.      Attached collectively hereto as Exhibit 4 are true copies of pages from the transcript of the deposition of non-party William Kahn, which was taken on January 27, 2003.

6.      Attached hereto as Exhibit 5 is a true copy of a document bearing Bates number WCN 00029, which was produced by plaintiffs in this action.

7.      Attached hereto as Exhibit 6 is a true copy of a document bearing Bates number WCN 00020, which was produced by plaintiffs in this action.

8.      Attached collectively hereto as Exhibit 7 are true copies of pages from the transcript of the deposition plaintiffs' purported expert musicologist, Dr. J. Marshall Bevil, which was taken during the evening of April 7, 2003.

9.      Attached hereto as Exhibit 8 is a true copy of a page from Dr. Bevil's internet web site, http://home.earthlink.net/~llywarch/mly01.html.htm, which I visited on March 31, 2003.  Notably, it appears that, immediately following my examination of Dr. Bevil on the evening of April 7, 2003, he substantially altered the text of this page.

10.     On or about March 7, 2003, I caused to be delivered to representatives of Jörgen Elofsson, David Kreuger, Per Magnusson, Rami Yacoub, Andreas Carlsson, Kristian Lundin, Martin Sandberg, Jacob Schultze, and Steve Lunt copies of a compact disc (CD) containing a copy of the recording of plaintiffs' alleged song, *What You See Is What You Get*, that had been previously deposited with the United States Copyright Office.  Attached hereto as Exhibit 9 is a

true copy of a certification from the U.S. Copyright Office attesting to the authenticity of the aforementioned deposit copy of plaintiffs' alleged song.  Also attached hereto as Exhibit 9 is a CD containing a copy of the above-referenced recording (as deposited with the U.S. Copyright Office) (track 3), as well as copies of recordings of defendants' songs, *What U See (Is What U Get)* and *Can't Make You Love Me* (tracks 1 and 2, respectively).

11.     Attached hereto as Exhibit 10 is a true copy of the expert report produced by plaintiffs' purported expert, Dr. Bevil, dated December 27, 2002.

12.     Attached hereto as Exhibit 11 is a true copy of the rebuttal expert report produced by Dr. Bevil, dated April 3, 2003.

Executed this 14th day of April, 2003.   I declare under penalty of perjury that the foregoing is true and correct.

Michael T. Mervis

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

|  |  |  |
|---|---|---|
| MICHAEL COTTRILL | : | |
| and | : | |
| LAWRENCE E. WNOKOWSKI | : | |
|  | : | |
| Plaintiffs | : | CIVIL ACTION NO. 02 CV 3646 |
|  | : | |
| v. | : | |
|  | : | |
| BRITNEY SPEARS | : | |
| and | : | |
| ZOMBA RECORDING CORPORATION | : | |
| ZOMBA ENTERPRISES, INC. | : | |
| ZOMBA SONGS, INC. | : | |
| and | : | |
| JIVE RECORDS | : | |
| and | : | |
| WRIGHT ENTERTAINMENT GROUP | : | |
| and | : | |
| BMG MUSIC PUBLISHING, INC. | : | |

---

**DECLARATION OF ANTHONY RICIGLIANO**

I, Anthony Ricigliano, declare as follows:

1.      I am a professional musicologist.  I received a Master of Music degree from the Manhattan School of Music, where I then taught for 31 years.  I have also taught at other schools, including the Julliard School of Music.

2.      I am the author of two books on contemporary music.

3.      I have been retained by both plaintiffs and defendants in numerous copyright infringement litigations involving popular music since 1979.

4.      I have reviewed the songs at issue in this case and prepared a report summarizing my analyses and stating my conclusions concerning plaintiffs' allegations of copyright infringement.  A copy of my report is attached hereto as Exhibit A.

5.      As set forth in my report, in my professional opinion there are no similarities between plaintiffs' alleged song and either of defendants' songs that are indicative of any copying of plaintiffs' alleged song.  Thus, in my professional opinion, there is no basis for a claim that either of defendants' songs was created, in whole or in part, by copying from plaintiffs' alleged song.  This conclusion is based on a comparison and analysis of the objective characteristics of the songs, including their melody (e.g., pitch and rhythm), harmony and structure.

6.      In response to the apparent criticism by plaintiffs' proffered expert, Dr. J. Marshall Bevil, of my examination of transcriptions of the songs at issue, I have also prepared a compact disc (CD) in which I play the melodies of the songs on the piano in accordance with the transcriptions of each song from my report (I understand, from my review of the transcript of Dr. Bevil's deposition, that he has no significant disagreement with the accuracy of those transcriptions).  The purpose of the CD is to allow the Court to hear the melodies of the respective songs in as straightforward a manner as possible.  To allow for meaningful comparison, I play one part of plaintiffs' alleged song, then the corresponding parts of defendants' songs.  Along with the CD I have prepared a list of tracks and a copy of the musical transcriptions I used to create each track.  The CD and accompanying materials are attached hereto as Exhibit B.

Executed this _12_ day of April, 2003 in Scarsdale, New York.  I declare under penalty of perjury that the foregoing is true and correct.

_____
Anthony Ricigliano