IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL COTTRILL<br>and<br>LAWRENCE E. WNUKOWSKI<br><br>      Plaintiffs,<br><br>vs.<br><br>BRITNEY SPEARS<br>and<br>ZOMBA RECORDING CORPORATION<br>ZOMBA ENTERPRISES, INC.<br>ZOMBA SONGS, INC.<br>and<br>JIVE RECORDS<br>and<br>WRIGHT ENTERTAINMENT GROUP<br>and<br>BMG MUSIC PUBLISHING, INC.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION<br>:<br>: NO. 02-CV-3646<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## PRAECIPE

To the Clerk:

  Kindly file of record the accompanying original Declaration of Michael T. Mervis, a copy having been filed on June 5, 2003.

                     _____
                     Vincent V. Carissimi
                     PEPPER HAMILTON LLP
                     3000 Two Logan Square
                     Eighteenth & Arch Streets
                     Philadelphia, PA 19103-2799
                     (215) 981-4000

                          Michael T. Mervis (admitted *pro hac vice*)
                          PROSKAUER ROSE LLP
                          1585 Broadway
                          New York, NY 10036
                          (212) 969-3000

Date: June 6, 2003                *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL COTTRILL<br>and<br>LAWRENCE E. WNUKOWSKI,<br><br>    Plaintiffs<br><br>v.<br><br>BRITNEY SPEARS<br>and<br>ZOMBA RECORING CORPORATION<br>ZOMBA ENTERPRISES, INC.<br>ZOMBA SONGS, INC.<br>and<br>JIVE RECORDS<br>and<br>WRIGHT ENTERTAINMNET GROUP<br>and<br>BMG MUSIC PUBLISHING, INC.,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 02 CV 3646 |

## DECLARATION OF MICHAEL T. MERVIS

I, Michael T. Mervis, hereby declare as follows:

1. I am an attorney admitted to practice law in New York and Connecticut. I have been admitted *pro hac vice* in connection with this lawsuit. I am a member of the law firm of Proskauer Rose LLP ("Proskauer") which, along with the law firm of Pepper Hamilton LLP ("Pepper Hamilton"), represents all defendants in this matter. I submit this declaration in support of defendants' motion for an award of costs and attorneys' fees in this matter, pursuant to 17 U.S.C. § 505. I have personal knowledge of the matters stated herein and, if called and sworn as a witness, could and would competently testify thereto.

2. Defendants have incurred costs and fees in the defense of this action, including in connection with the provision of professional services by Proskauer, Pepper Hamilton and the expert musicologist retained by Proskauer, Anthony Ricigliano of Donato Music Services, Inc. ("Donato"). In addition, defendants have incurred expenses in the form of charges from court reporting services for depositions that were taken by both sides in this action. Although Pepper Hamilton provided extremely valuable professional services to defendants in this case, in consideration and anticipation of a claim by plaintiffs that they have limited financial means, defendants do not seek an award of the fees and costs attributable to services provided by Pepper Hamilton. Likewise, although the hourly rates charged by Proskauer are, in my experience, customary of those charged by competitor firms in cases of this nature and in light of the experience of the attorneys involved, for the same reason defendants are only seeking 70% of the amount of fees billed by Proskauer on this matter through April 30, 2003. Defendants have made this adjustment in recognition of the lower hourly rates charged by Pepper Hamilton and other attorneys in Philadelphia of roughly comparable experience for matters of this nature.[1] Also for this reason, defendants are not seeking an award of any of the costs and disbursements billed by Proskauer, or the fees that will soon be billed by Proskauer for professional services rendered through May 31, 2003.

3. The amounts thus sought by defendants on this motion are as follows:

---

[1] My hourly rate is approximately 25% higher than the hourly rate charged by Pepper Hamilton for the services of a partner of comparable seniority. The hourly rates of the primary Proskauer associates who worked on this matter are approximately 35% higher than the hourly rates charged by Pepper Hamilton for the services of associates with comparable seniority.

> Proskauer Fees (with a 30% reduction): $116,083.63
> Donato Fees: $21,885[2]
> Court Reporting Fees: $3,587.42
> ********************************
> Total Amount Sought: $141,556.05

4. Attached hereto collectively as <u>Exhibit 1</u> are true and correct copies of invoices and supporting time records submitted by Proskauer to defendants. In order to avoid the possible waiver of attorney work product and/or the attorney-client privilege, we have redacted certain portions of the descriptions in the time records.

5. Attached hereto collectively as <u>Exhibit 2</u> are true and correct copies of invoices submitted by Donato for services rendered by Donato (principally by Mr. Ricigliano) in connection with this case.

6. Attached hereto collectively as <u>Exhibit 3</u> are true and correct copies of invoices submitted by court reporting services for depositions that were taken in this case.

7. During the course of this action, I and other Proskauer attorneys and support staff performed a substantial, but necessary, amount of work in connection with the defense of plaintiffs' claims. This work included, among other things: review and analysis of plaintiffs' complaint; preparation of defendants' answer to the complaint; legal research concerning the claims advanced by plaintiffs in their complaint; correspondence and discussions with defendants and/or their representatives, Vincent Carissimi of Pepper Hamilton, and plaintiffs' counsel; review and analysis of, and preparation of responses to, plaintiffs' discovery requests, including the review and production of documents in response to plaintiffs' discovery requests; preparation of defendants' discovery requests to plaintiffs and review and analysis of plaintiffs' responses and documents produced by plaintiffs; review and analysis of the extensive and

---

[2] Included in this amount is $1,500.00 charged by Donato for the deposition of Mr. Ricigliano taken by plaintiffs. Pursuant to Fed. R. Civ. P. 26(b)(4), this amount should be paid by plaintiffs in all events.

3

esoteric reports prepared by plaintiffs' purported expert musicologist, J. Marshall Bevil; consultation with Mr. Ricigliano concerning Dr. Bevil's reports and the preparation of Mr. Ricigliano's expert reports; preparation for and participation in the depositions of six fact witnesses and two expert witnesses; preparation of defendants' summary judgment motion, preparation for and participation in oral argument on the motion, and preparation of defendants' supplemental filing in support of the summary judgment motion.

8. Proskauer has, in the past, represented the Zomba defendants, as well as the named BMG defendant and many of its affiliates, in many litigation matters throughout the United States. Our firm is, in fact, among the principal outside litigation counsel for Zomba and BMG-affiliated companies.

9. I was the Proskauer lawyer principally responsible for the defense of plaintiffs' claims. I received my J.D. degree from New York University in 1990. My practice includes a concentration in the areas of music industry and intellectual property litigation. I have represented many different clients within the music industry, including record companies, music publishing companies, recording artists, record producers and song writers. I have represented such clients in connection with copyright litigation, and have also represented clients outside of the music industry in numerous copyright cases. As noted, I am admitted to practice in New York and Connecticut, as well as the United States Court of Appeals for the Second Circuit and the United States District Courts for the Southern and Eastern Districts of New York.

10. I was principally assisted in this matter by two Proskauer associates, Jenifer deWolf Paine and Justin Peacock. Ms. Paine received her J.D. degree from Northeastern Universal School of Law in 1994. Her practice is concentrated almost exclusively in the area of intellectual property, including the litigation of copyright cases. She has represented many

4

different clients in the music industry, including in connection with copyright litigation, and has also represented clients outside of the music industry in numerous copyright cases. Ms. Paine is admitted to practice in New York, Massachusetts, and California, and is also admitted to the United States District Courts for the Southern District of New York and the District of Massachusetts, and the Federal Court of Claims. Mr. Peacock received his J.D. degree from Yale Law School in 2002. Mr. Peacock has significant musical training, including the ability to read musical notation. Although he is a fairly junior associate, prior to law school Mr. Peacock had significant professional responsibility for copyright issues while working for a major news organization.

11. Also, in the early stages of the litigation (and prior to the participation of Ms. Paine or Mr. Peacock), I was assisted by Robert Eddington, a then associate. Mr. Eddington subsequently left the practice of law to pursue a career as a concert organist. While at Proskauer, Mr. Eddington's practice was focused on the litigation of intellectual property disputes, including copyright cases. Finally, Anthony Wladyka, an associate who received his J.D. degree from New York University in 2001, devoted a few hours to a discrete legal research assignment.

12. The hourly rates charged by Proskauer in this case were in line with the rates typically charged to clients of the firm and, based on my experience with competitor firms, I believe those charged by other New York City area law firms engaged in a similar practices areas. Based on my experience in litigating matters of this nature, I believe that the time devoted by Proskauer attorneys in this matter was reasonable and necessary given the nature and demands of the case, including the necessary activities described in paragraph 7 above.

13. Attached hereto collectively as <u>Exhibit 4</u> are true and correct copies of pages containing the "liner notes" to Britney Spears' "Oops . . . I Did It Again" CD.

14. Attached hereto as <u>Exhibit 5</u> is a true and correct copy of a newspaper article that was published in *The Philadelphia Daily News* on June 7, 2002.

15. Attached hereto as <u>Exhibit 6</u> is a true and correct copy of a page from the internet web site of the law firm Bochetto & Lentz, P.C., http://www.bochettoandlentz.com/news.html, which I last visited on June 4, 2003.

16. Attached hereto as <u>Exhibit 7</u> is a true and correct copy of a motion (with supporting papers) filed by plaintiffs in this case on June 18, 2002.

17. Attached collectively hereto as <u>Exhibit 8</u> are true and correct copies of pages from the transcript of the deposition of plaintiff Michael Cottrill, which was taken on February 13, 2003.

18. Attached hereto as <u>Exhibit 9</u> is a true and correct copy of a page from the transcript of the deposition of J. Marshall Bevil, which was taken on April 7, 2003.

19. Attached hereto as <u>Exhibit 10</u> is a true and correct copy of a letter from Gavin Lentz to J. Marshall Bevil, dated October 17, 2002, which was produced by plaintiffs in discovery.

20. Attached collectively hereto as <u>Exhibit 11</u> are true and correct copies of pages from the transcript of the deposition of William Kahn, which was taken on January 27, 2003.

21. Attached hereto as <u>Exhibit 12</u> are true are correct copies of printouts from web sites about the songwriters and producers of the two Britney Spears songs plaintiffs alleged infringed their song.

Executed this 5th day of June, 2003 in New York, New York. I declare under penalty of perjury that the foregoing is true and correct.

Michael T. Mervis

6

# CERTIFICATE OF SERVICE

I, Vincent V. Carissimi, hereby certify that on June 6, 2003, I caused a true and correct copy of the foregoing Praecipe and Declaration to be served by depositing the same in the United States Mail, First Class, postage prepaid, addressed to:

                Gavin Lentz, Esquire
                Bochetto & Lentz, P.C.
                1524 Locust Street
                Philadelphia, PA  19102

                _____
                Vincent V. Carissimi