IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL COTTRILL** and **LAWRENCE E. WNUKOWSKI**, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION No.: 02-CV-3646 |
| v. | : : | |
| **BRITNEY SPEARS**, *et al*, | : : | |
| Defendants. | : : | **JURY TRIAL DEMANDED** |

## DECLARATION OF GEORGE BOCHETTO, ESQUIRE

I, George Bochetto, Esquire, declare as follows:

1. I am an attorney duly admitted to practice law in state and federal courts of Pennsylvania. I am a shareholder of the law firm, Bochetto & Lentz, P.C., located at 1524 Locust Street, Philadelphia, Pennsylvania.

2. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion for an Award of Costs and Attorneys' fees pursuant to 17 U.S.C. § 505. I have personal knowledge of the matters stated herein, and if called and sworn as a witness I would testify to the facts set forth below.

3. Our firm was retained by Plaintiffs for this matter in or around May, 2002. When we were initially retained, my partner, Gavin Lentz, Esquire and I had extensive meetings with Plaintiffs, in which we vigorously tested the credibility of their claims before filing suit.[1]

---

[1] Nothing contained in this declaration should be construed as a waiver of the attorney-client privilege. I am submitting this statement only as evidence of the reasonableness of Plaintiffs' claims.

4. In addition to Plaintiffs, we met with a music producer and musician, during which we collectively went over the issues of the case in detail.

5. For example, during the meetings, we asked the Plaintiffs and the music producer to carefully listen to Plaintiffs' copyrighted song and the alleged infringing song of the Defendants, and to explain to us specifically what they deemed substantially similar. The music producer assisted us in transcribing the music to both songs. The music producer and Plaintiffs also assisted us in isolating specific aspects of the songs, such as the melody, that they deemed substantially similar.

6. We also attended a side-by-side musicologist analysis of the two songs, which entailed both works being played simultaneously, with a computer generated graph demonstrating the similarities in the two works.

7. We also reviewed the various pieces of correspondence and documents provided to us from our clients that pertained to issues of access and copyright ownership.

8. Based on our review of all of the evidence, our various meetings with Plaintiffs and a music producer, and the side-by-side musical analysis, my partner and I concluded that Plaintiffs' had a good faith, objectively reasonable basis to assert Defendants infringed their copyright.

Executed this _____ day of June, 2003, in Philadelphia, Pennsylvania. I declare under penalty of perjury that the foregoing is true and correct.

                                                                                                                                                                                                  _____

                                                                                                                                                                                                  George Bochetto, Esquire