IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL COTTRILL** and **LAWRENCE E. WNUKOWSKI**, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION No.: 02-CV-3646 |
| v. | : : | |
| **BRITNEY SPEARS**, *et al*, | : : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |
| _____ | : | |

### DECLARATION OF GAVIN P. LENTZ, ESQUIRE

I, Gavin P. Lentz, declare as follows:

1. I am an attorney duly admitted to practice law in both state and federal courts of Pennsylvania and New Jersey. I am a member of the law firm, Bochetto & Lentz, P.C., located at 1524 Locust Street, Philadelphia, Pennsylvania. I submit this declaration in support of Plaintiffs' Opposition to Defendants' motion for an award of costs and attorneys' fees pursuant to 17 U.S.C. §505. I have personal knowledge of the matters stated herein, and, if called and sworn as a witness I would testify as follows:

2. Our firm was retained in or around May of 2002 in connection with the above referenced matter when I, along with my partner, George Bochetto, Esquire, had extensive meetings with Plaintiffs, in which I vigorously tested the credibility of their claims before filing suit.

3. During those meetings[1], Plaintiffs provided documents in support of their claim, including copies of their copyright registrations, music sheets as well as relevant correspondence addressed to Defendants and other third parties that had access to Plaintiffs' songs.

4. In addition, as part of the pre-suit investigation relating to this case, I personally attended a side by side "musicological analysis" with Plaintiffs in or around the beginning of June 2002. This required the Plaintiffs and another musician to walk me through the musical compositions by playing them side-by-side to assure that a case could be properly presented.

5. This side-by-side "musicological analysis" was also accompanied by a visual or graphic comparison of the two songs at issue. The graphic comparison also further substantiated Plaintiffs' claims of infringement.

6. I also listened to the songs side by side on multiple occasions and found the songs to sound substantially similar in my opinion.

7. Plaintiffs reviewed and approved the final draft of the Complaint.

8. I also researched relevant case law concerning the legal issues of access and substantial similarity in this matter prior to the institution of this action. By way of examples only, the relevant law and facts in the following cases, *Moore v. Colombia Pictures Industries, Inc.*, 972 F.2d 939, 942 (8th Cir. 1992), *Gaste v. Kaiserman*, 863 F.2d 1061 (9th Cir. 1988), *Three Boys Music Corp. v. Bolton*, 212

---

[1] This statement should not be construed as a waiver of the attorney-client privilege. I am submitting this statement only as evidence of the reasonableness of Plaintiffs' claim.

F.3d 477 (9th Cir. 2000) were substantially similar to both the legal and factual issues at hand.

9. During this litigation, defense counsel, Michael T. Mervis, Esquire and I also had numerous conversations relating to the least expensive and efficient way to conduct discovery.[2] As a result, Plaintiffs agreed not to take the deposition of Ms. Spears, even though she had signed an affidavit in support of Defendants' motion for summary judgment. Plaintiffs also agreed to bifurcate the issues of liability and damages, which substantially decreased the expense of the litigation.

10. Plaintiffs also scheduled the depositions of the Swedish artists, here, in Philadelphia, through video conferencing, to avoid extensive travel for both sides.[3]

11. At no time during the course of this litigation was I advised by Defendants about their current contention that Plaintiffs' claims were "unreasonable."

12. In fact, during oral argument on Defendants' Summary Judgment Motion, defense counsel Mr. Mervis summarized succinctly plaintiffs' intentions in filing this case as follows:

> . . . .We're here because plaintiffs wrote a song, and we're not denying that they wrote a song, that has a title, "What You See Is What You Get," and they gave a copy of that song to a person who we admit had a contract with one of the defendants, a person named Billy Kahn. And subsequent to that Ms. Spears' record came out and it had a song of the same title, "What

---

[2] In that regard, Plaintiffs granted Defendants an extension to file their Answer to Plaintiffs' Complaint and Self-Executing Disclosures and fully cooperated in connection with Defendants' proposed discovery schedule and protective order. (See correspondence collectively attached hereto as Exhibit " .")

[3] The expense associated with the video-conferencing was borne entirely by Plaintiffs.

>U See Is What U Get," that's why this lawsuit was started and *I would submit, that's the only reason we're here.  Coincidences happen*.

Hearing Transcript, 5/6/03, at pp. 3-4, attached hereto as Exhibit 1.)

11. Attached hereto as Exhibit 2 are relevant excerpts of the Transcript from oral argument on Defendants' Motion for Summary Judgment.)

12. Attached hereto as Exhibit 3 is a true and correct copy of Michael T. Mervis, Esquire's letter, dated September 27, 2002.

13. Attached hereto as Exhibit 3 is a true and correct copy of George Bochetto, Esquire's letter, dated September 30, 2002.

14. Attached hereto as Exhibit 4 is a true and correct copy of Michael T. Mervis, Esquire's letter, dated November 5, 2002.

15. Attached hereto as Exhibit 5 is a true and correct copy of Michael T. Mervis, Esquire's letter, dated August 12, 2002.

16. Attached hereto as Exhibit 6 is a true and correct copy of Vincent V. Carissimi, Esquire's letter, dated December 16, 2002.

17. Attached hereto as Exhibit 7 is a true and correct copy of George Bochetto, Esquire's letter, dated October 24, 2002.

18. Attached hereto as Exhibit 8 is a true and correct copy of Michael F. Forbes, Esquire's letter, dated September 10, 2001.

19. Attached hereto as Exhibit 9 are relevant pages of Michael Cottrill's deposition transcript.

20. Attached hereto as Exhibit 10 are relevant pages of Lawrence E. Wnukowski's

deposition transcript.

Executed this _____ day of June, 2003, in Philadelphia, Pennsylvania. I declare under penalty of perjury that the foregoing is true and correct.

_____
Gavin P. Lentz, Esquire