IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL COTTRILL and | : | |
| LAWRENCE E. WNUKOWSKI, | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRITNEY SPEARS, et. al, | : | No. 02-3646 |
| Defendants. | : | |

MEMORANDUM AND ORDER

SCHILLER, J.                                                                                             July 2, 2003

I.    INTRODUCTION

Plaintiffs Michael Cottrill and Lawrence E. Wnukowski brought this action against Defendants Zomba Recording Corp., Zomba Enterprises, Inc., Zomba Songs, Inc. (collectively "Zomba"), Jive Records ("Jive"), Britney Spears, Wright Entertainment Group, and BMG Music Publishing, Inc ("BMG"), alleging that the melody of Defendants' song "*What U See Is What U Get*" on Britney Spears's "*Oops I Did It Again*" album infringed Plaintiffs' copyright on the melody of their song entitled "*What You See Is What You Get.*" Summary judgment was granted in favor of Defendants, and they now move for attorneys' fees pursuant to 17 U.S.C. § 505. For the reasons set forth below, I deny Defendants' motion.

II.   BACKGROUND

The background of this case was succinctly summarized by defense counsel at oral argument on the motion for summary judgment:

> Why are we here? We're here because these two plaintiffs wrote a song, and we're not denying that they wrote a song, that has a title, "What You See is What You Get," and they gave a copy of that song to a person who we admit had a contract with one of the defendants, a person named Billy Kahn. And subsequent to that Ms. Spears' record came out and it had a song of the same title, "What [U] See is What [U] Get," that's why this lawsuit was started and I would submit . . . that's the only reason we're here. Coincidences happen.

(May 6, 2003 Tr. at 3-4.) After the Court determined that there was no triable issue regarding the essential elements of access or similarity, summary judgment was granted in favor of Defendants. (Memorandum and Order dated May 22, 2003.) Asserting, inter alia, that Plaintiffs' claims were objectively unreasonable and brought with questionable motives, Defendants now move for attorneys' fees under 17 U.S.C. § 505.

### III.   DISCUSSION

#### A.   Legal Standard under 17 U.S.C. § 505

Section 505 of the Copyright Act, 17 U.S.C. § 505, provides in pertinent part: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (2003). A district court is entrusted with considerable discretion to determine whether an award should be granted to the prevailing party, and, if so, whether the amount requested is reasonable under the circumstances of the case. *See Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 155-156 (3d Cir. 1986).

The Third Circuit has set boundaries within which a district court may exercise such discretion, instructing that: (1) a finding of bad faith is not required for an award; (2) an award is not

mandated in every case; and (3) the exercise of discretion should be approached in an evenhanded manner. *See id.* at 155-57 (discussing boundaries of discretion of district court in awarding fees to prevailing party); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1986) (*citing with approval Lieb*, 788 F.2d at 155). Additionally, the Third Circuit has counseled that certain factors should be considered in the decision to award attorneys' fees, including, but not limited to: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Lieb*, 788 F.2d at 156; *see also Fogerty*, 510 U.S. at 535 n.19 (adopting *Lieb* factors).

These factors should guide a court's discretion "as long as such factors are faithful to the purposes of the Copyright Act." *Fogerty*, 510 U.S. at 535 n.19. "The primary objective of copyright is . . . 'to promote the Progress of Science and useful Arts.' To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work.'" *Crescent Publ'g Group, Inc. v. Playboy Enters.*, 246 F.3d 142, 147 (*citing Fogerty*, 510 U.S. at 527 (*quoting Feist Publ'ns Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349-50 (1991) (*quoting* U.S. CONST. art. I, § 8, cl. 8))). "[C]opyright law ultimately serves the purpose of enriching the general public through access to creative works." *Fogerty*, 510 U.S. at 527. Bearing this in mind, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.*

**B.     Plaintiffs' Case**

As the Court granted summary judgment in favor of Defendants, it is clear that Defendants are the prevailing party within the meaning of § 505. A prevailing party, however, is not

automatically entitled to an award of attorneys' fees under § 505. *See Fogerty*, 510 U.S. at 534-35 (discussing discretionary nature of determining an award of attorneys' fees and rejecting automatic recovery by prevailing party under 17 U.S.C. § 505). Similarly, claims are not considered per se objectively unreasonable where summary judgment was granted. *See Batjac Prods., Inc. v. Goodtimes Home Video Corp.*, Civ. A. No. 96-7416, 1997 WL 745039, 1997 U.S. Dist. LEXIS 20357, at * 7 (C. Cal. Sept. 26, 1997) ("Claims are not objectively unreasonable merely because they could not survive summary judgment."); *see also Peyser v. Searle Blatt & Co.*, Civ. A. No. 99-10875, 2001 U.S. Dist. LEXIS 20844, at *12-13 (S.D.N.Y. Dec. 17, 2001) (*citing Earth Flag, Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 666 (S.D.N.Y. 2001)); *CK Co. v. Burger King Corp.*, Civ. A. No. 92-1488, 1995 WL 29488, at *1, 1995 U.S. Dist. LEXIS 823, at *2 (S.D.N.Y. Jan. 24, 1995) (holding that "not all unsuccessful[ly] litigated claims are objectively unreasonable), *aff'd without opinion*, 122 F.3d 1055 (2d Cir. 1995); *FASA Corp. v. Playmates Toys, Inc.*, 1 F. Supp. 2d 859 (N.D. Ill. 1998).

In their motion, Defendants ask the Court, in essence, to judge the filing and maintaining of Plaintiffs' claims in hindsight. However, "[h]indsight is not the applicable standard in judging the reasonableness of [Plaintiffs'] suit." *Garnier v. Andin Int'l, Inc.*, 884 F. Supp. 58, 62 (D.R.I. 1995). Plaintiffs' claims were objectively reasonable, albeit unsuccessful. As defense counsel noted, the initial facts that spurred the filing of this lawsuit seemed like uncanny coincidence. Plaintiffs had developed a song called "*What You See Is What You Get*," allegedly contemplating Britney Spears as the vocalist, and submitted a copyrighted version in late November or early December 1999 to William Kahn, who had a contract with one of the Defendants. Thereafter, Defendants released a song by Britney Spears called "*What U See Is What U Get,*" copyrighted May 2000. Thus, at first

4

blush, it appeared as though Plaintiffs had a viable claim for copyright infringement.

Discovery relating to the creation of Defendants' song proved to be particularly crucial. As Defense counsel submitted to the Court on several occasions, discovery on this issue was especially difficult to obtain as much of the evidence requested was in Sweden. Most importantly, the depositions of Messrs. Rami Yacoub and Per Magnusson, two of the creators of Defendants' song, were not taken until after the filing of Defendants' summary judgment motion. The creators' testimony established that they had finished the melody of Defendants' song before Plaintiffs had obtained a copyright or distributed the copyrighted version of their song. While I found that summary judgment was ultimately appropriate under the law, particularly in light of the evidence developed late in discovery, Plaintiffs were not objectively unreasonable to bring their claims or maintain the suit, despite the fact that their claims were eventually unsuccessful.

Additionally, I do not find that this action was brought or conducted with an improper motive. First, mere mention of an alleged "slush fund" in Plaintiff's deposition does not warrant a finding of improper motive, especially when the statement cannot necessarily be attributed to Plaintiff Cottrill. (Cottrill Dep. at 128-29.) Second, Plaintiffs' counsel conducted a reasonable investigation of their clients' claims, including evaluating the songs with a musicologist before filing suit. (Lentz Decl. ¶¶ 4,5.) Despite Defendants' contention, discovery was also conducted in a fair and reasonable manner. Although Plaintiffs requested Ms. Spears's deposition only weeks after the case was filed, Plaintiffs' counsel assert that this was done, not to harass, but in order to accommodate her schedule. (Pls. Opp. to Defs. Mot. for Att. Fees at 4.) Regardless of this contention, the Court promptly denied the request as premature and Defendants did not suffer any inconvenience as a result. This request for deposition was an isolated incident and the parties

5

conducted further discovery in an appropriate manner. Therefore, I find that this action was neither commenced nor maintained with improper motive.

Because I find that Plaintiffs' claims were objectively reasonable and brought without improper motive, any award of counsel fees on this record would not be faithful to the purpose of the Copyright Act. *See Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 75 (1st Cir. 1998) ("When close infringement cases are litigated, copyright law benefits from the resulting clarification of the doctrine's boundaries. But because novel cases require a plaintiff to sue in the first place, the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff, who, in a particular case, may have advanced a reasonable, albeit unsuccessful, claim."); *see also Fogerty*, 510 U.S. at 527 ("Because copyright law ultimately serves the purposes of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible."); *Earth Flag Ltd.*, 154 F. Supp. 2d at 666-67 (*citing Lotus* and *Fogerty*); *Ackoff-Ortega v. Windswept Pac. Entm't Co.*, Civ. A. No. 99-11710, 2001 WL 225246, at *2, 2001 U.S. Dist. LEXIS 2187, at *6 (S.D.N.Y Mar. 2, 2001) ("[A] court should not award attorneys' fees where the case is novel or close because such a litigation clarifies the boundaries of copyright law." (*citing Lotus* and *Fogerty*)), *aff'd*, 46 Fed. Appx. 663 (2d Cir. 2002). It would be inappropriate to award attorneys' fees in hindsight as doing so may deter others who may have potentially viable claims from exercising their rights for fear of repercussion.

Ultimately, the facts of this case proved to be, as Defense counsel contended, mere coincidence, but this could only be determined after discovery allowed for a full examination of the case in light of the all the facts. *See Garnier*, 884 F. Supp. at 61-63 (holding that Copyright Act does

not support award of fees where plaintiff's claims were objectively reasonable as "careful factual and legal analysis was required" to adjudicate suit and no improper motivation by plaintiff was found); *see also FASA Corp.*, 1 F. Supp. at 864 (discussing holding of *Garnier*). Consequently and innocently, what Plaintiffs saw is not what they got and therefore, I deny Defendants' motion for attorneys' fees. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL COTTRILL and | : | |
| LAWRENCE E. WNUKOWSKI, | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRITNEY SPEARS, et. al, | : | No. 02-3646 |
|     Defendants. | : | |

### ORDER

**AND NOW**, this **2nd** day of **July, 2003**, upon consideration of Defendants' Motion Pursuant to 17 U.S.C. § 505 for an Award of Costs and Attorneys' Fees, Plaintiffs' response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

Defendants' Motion Pursuant to 17 U.S.C. § 505 for an Award of Costs and Attorneys' Fees (Document No. 38) is **DENIED**.

BY THE COURT:

_____
**Berle M. Schiller, J.**